**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREEN EARTH TECHNOLOGIES GROUP, LLC, | ) ) ) ) | CASE NO. 5:21-cv-1462 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | OPINION AND ORDER |
| ARLANDER ABLES, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of plaintiff Green Earth Technologies Group, LLC ("Green Earth") to file an amended complaint. (Doc. No. 16.) The motion is unopposed. For the reasons that follow, the motion is granted.

Green Earth brought this action against defendants, Arlander Ables and AA Environment Services, LLC, on August 28, 2021, seeking damages allegedly caused by asbestos evaluation and remediation provided by defendants at a property located at 355 Morgan Avenue in Akron Ohio. The Court conducted a telephonic case management conference on November 18, 2021, after which the Court issued a case management plan and trial order that, among other things, identified January 14, 2022 as the deadline to add parties or amend the pleadings. (Doc. No. 15 (Case Management Plan and Trial Order).) During the case management conference, counsel for Green Earth indicated that he anticipated seeking an amendment to the complaint to add an additional site where asbestos remediation was performed. (Minutes of Proceedings, 11-18-2021.)

On January 10, 2022, Green Earth filed the instant motion to amend, and appended a copy of the proposed pleading thereto. (*See* Doc. No. 16-3.) Defendants have not filed a response to the motion, and the time for filing such a response has passed. By way of amendment, Green Earth seeks to add factual allegations relating to the afore-mentioned second site. (*See* Doc. No. 13-1 (referencing second remediation project at 1007 Bank Street in Akron, Ohio). Green Earth represents that after the present litigation was filed, it learned that the Ohio Environmental Protection Agency ("OEPA") and the Akron Regional Air Quality Management District ("ARAQMD") would be requiring Green Earth to perform asbestos remediation at the second site. (Doc. No. 16 at 1.)

After a responsive pleading is filed, the complaining party may amend the pleadings only with the opposing party's written consent or by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.* The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971) (citation omitted); *Estes v. Ky. Util.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on the merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has

delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662–63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id.* at 662 (citation omitted).

The Court finds no evidence of significant prejudice to the opposing parties, a likelihood of substantial delay in the proceedings, or a repeated failure to cure deficiencies in the pleadings. The request to amend has been filed before the expiration of the deadline to add parties or amend the pleadings and with several months left in fact discovery, and there is no evidence to suggest that the amendment will cause defendants to expend significant additional expenses conducting discovery. Moreover, Green Earth has not demonstrated a repeated failure to cure deficiencies in the pleadings. Finally, defendants were made aware of the possible amendment as early as the case management conference and have not opposed the present motion.

In light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motion to amend be granted. *See* Fed. R. Civ. P. 15(a).

Accordingly, the Court grants Green Earth's motion. On or before March 14, 2022, Green Earth

shall file the amended complaint attached to their motion at Doc. No. 16-3.

   **IT IS SO ORDERED**.


Dated: March 8, 2022

_____
   **HONORABLE SARA LIOI**
   **UNITED STATES DISTRICT JUDGE**

4